(No. 76-CC-1325—

ALFRED A. TAVOLETTI, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 4, 1978.*

DONALD W. COHEN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Alfred A. Tavoletti, seeks to recover back pay and benefits during a period of time in which he was laid off and terminated from his employement with the State of Illinois Department of Transportation.

The parties stipulated that the Claimant was employed by the Department of Transportation of the State of Illinois continuously from 1969 to July 29, 1974. On that date he received a 30 day disciplinary layoff, and on August 23, 1974, was terminated. Claimant thereafter was reinstated by the Department of Transportation on March 24, 1975. At the time of Claimant's disciplinary layoff, he was receiving a monthly salary of $1,080.00, and because of overtime, had earned $9,377.46 during the period from January 1, 1974, to July 29, 1974. Claimant seeks to recover his salary for the period of his layoff and termination.

When Claimant was reinstated, there was pending in the Circuit Court of Cook County, a complaint for administrative review which had been filed on his behalf seeking review of the order terminating him. On May 28, 1975, this complaint was dismissed on motion of the State of Illinois, which motion recited that the

Claimant had reached a settlement agreement whereby Claimant had been reinstated to his former job "with all benefits intact."

The first issue to be determined is whether the settlement agreement reinstating Claimant "with all benefits intact" included back pay.

The record indicates that protracted settlement negotiations led to Claimant's reinstatement and the dismissal of his action for administrative review.

At one point, Claimant rejected the State's offer to reinstate and pay him the sum of $4,300.00 in back pay. It appears that throughout the negotiations there was never any real issue as to reinstatement, and the primary dispute between the parties was the cash amount of benefits to be received by Claimant upon his reinstatement.

The State contends that the words "with all benefits intact" do not indicate an agreement to pay back salary. However, the fact that during the negotiations the State offered $4,300.00 in addition to reinstatement indicates that the parties were negotiating on the basis that Claimant was to receive some back pay. The Court therefore concludes that it was the intention of the parties that the words "benefits intact" referred to back pay.

The remaining issues concern the basis on which back pay should be calculated, and the amounts of the set-offs, if any, to which the State is entitled.

On the first question, the evidence was that the Claimant earned $1,080.00 per month. During the first seven months of 1974, due to overtime performed in snow removal from State highways, he earned $9,377.46. Claimant contends that his full earnings,

including overtime, should be used as the basis of his back pay claim.

We cannot agree with the State's contention that including overtime in the total of back pay lost is speculative. While the amount of overtime required by the State for snow plowing and salting may vary from time to time, the Court takes judicial notice of the fact that in the climate of Illinois, there will be some need for highway work related to snow and ice, and that a fair and reasonable basis for calculating a future amount of required overtime would be a past record of required overtime wages. Claimant testified that there was substantial overtime work on a recurring basis in each year of his employment during the months of October to April. We therefore find that the total wages lost by Claimant totalled $10,700.00, including the overtime which he reasonably could have expected to earn.

As to the issue of set offs, Claimant worked for Alpha Construction Company and Burnside Construction Company during the period of his discharge, earning the sum of $2,352.48. It is not contested that the State is entitled to set off these amounts.

What is contested, however, is whether the State is also entitled to a set off of amounts Claimant earned from H-B Services and Savoia's, for whom he also worked on a part-time basis during the period of his discharge. The evidence indicates that Claimant was employed by both H-B Services and Savoia's on a part-time basis prior to his discharge, and while employed by the Department of Transportation. This work was performed at night, and did not interfere with the performance of his duties for the Department of Transportation. After his discharge, Claimant's work for those employers was similarly done on a part-time basis at night.

*People v. Johnson, 32 Ill. 2d 324, 2 05 N.E.2d 470,* the Supreme Court said:

"The theory underlining a suit for back salary is to make the employee whole — to compensate him to the extent that the wrongful deprivation of salary has resulted in financial loss. For that reason, the amount recoverable is to be reduced by his other earnings during the period of separation insofar as such income would have been incompatible with performance of his duties to his erring employer. But this does not necessitate mitigation of the recoverable salary by earnings compatible with and being received during the employment from which the employee is wrongfully discharged. There is in this record no hint of incompatibility with relator's liquor store employment and his obligation to the municipality, either in the form of regulatory proscriptions or conflicting hours or duties. In fact, relator held both jobs for a substantial period of time prior to his wrongful discharge. As was aptly observed by the Appellate Court, the industrious holder of two compatible jobs who was wrongfully discharged from one should not be penalized by permitting the wrongdoer to deduct from the damages for which he is liable, the earnings of the second job during the period of wrongful discharge."

On the basis of the holding in the *Johnson* case, it is clear that the State has no right of set off as to the income from Claimant's part time employments.

Accordingly, this Court finds the Claimant is entitled to recover $10,700.00 less $2,352.48 in set offs, or a total of $8,347.52.

It is hereby ordered that the Claimant, Alfred A. Tavoletti, be, and hereby is, awarded the total sum of $8,347.52, plus employer contributions of $1,189.82.